

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
JAMES SILENCIEUX,

               Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE
OFFICER AARON THORN (Shield # 17386)
and POLICE OFFICERS JOHN DOE 1-2[1],

               Defendants.
------------------------------------------------------x

**COMPLAINT**



Plaintiff JAMES SILENCIEUX, by his attorney(s), THE LAW OFFICES OF WALE
MOSAKU, P.C., complaining of the defendants, THE CITY OF NEW YORK, POLICE
OFFICER AARON THORN (Shield # 17386) and POLICE OFFICERS JOHN DOE 1-2
(collectively referred to as the Defendants), upon information and belief, alleges as
follows:

### NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to
the plaintiff under color of statute, ordinance, regulation, custom,
and/or to redress the deprivation of rights, privileges, and immunities
secured to the plaintiff by the Fourth, Fifth and Fourteenth
Amendments to the Constitution of the United States, and by Title 42
U.S.C. §§ 1982, 1983 and 1985, [and arising under the law and
statutes of the State of New York].

### JURISDICTION

2.     The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3),
this being an action authorized by law to redress the deprivation of
rights secured under color of state and city law, statute, ordinance,
regulation, custom and usage of a right, privilege and immunity
secured to the plaintiff by the Fourteenth Amendment to the
Constitution of the United States. Jurisdiction of this court exists

---

[1] The above-referenced officers, upon information and well-founded belief, were and are law enforcement
officers employed by the New York City Police Department.

pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5. All conditions precedent to the filing of this action have been complied with. On October 18, 2010, within ninety days after all or some of the claims alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff, was served upon the defendant City of New York, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. Plaintiff's claim was assigned the Claim No. 10PI038729.

6. At least thirty days have elapsed since the service of the above-mentioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

7. This action, pursuant to New York State and City Law, has been commenced within one year after the happening of the event upon which the claim is based.

THE PARTIES

8. Plaintiff is a resident of the County of New York, City and State of New York. Plaintiff is a black male of full age.

9.    At all relevant times, POLICE OFFICER AARON THORN (Shield # 17386) and POLICE OFFICERS JOHN DOE 1-2 (hereinafter "defendant officers") were, and upon information and belief, still are, law enforcement officers employed by the Police Department of the City of New York.

10.   At all times herein, defendant officers were employed as law enforcement officers of the City of New York, State of New York, and was acting under the color of their official capacity and their acts as alleged herein, were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department.

11.   At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, through its Police Department, namely New York City Police Department, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

12.   Plaintiff sues all defendants in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.   On or about May 27, 2010, at approximately 11:00 p.m., within the parking lot of the plaintiff's residence, an apartment building described as 159-70 Harlem River Drive, New York, New York 10039 (hereinafter "subject premises"), the plaintiff was falsely arrested without probable cause by Police Officer Aaron Thorn (Shield # 17386) and Police Officers John Doe 1-2 of, upon information and well founded belief, the 32nd Precinct of the Police Department of the City of New York.

14.    At the time of the above-referenced arrest, the plaintiff, who at the time was lawfully sitting in his vehicle using his cellular phone, was approached by the defendant officers (two male Caucasian officers and one African-American officer). The defendant officers asked the plaintiff what he was doing there. The plaintiff responded that he lived in an apartment within the subject premises. The plaintiff was then instructed by the defendant officers, without any basis whatsoever, to exit his vehicle.

15.    Upon exiting his vehicle in compliance with the defendant officers' commands, the interior of the plaintiff's vehicle was searched by the defendant officers. At the time of said search, said the defendant officers did not have a reasonable basis to conduct said search.

16.    During the search, the defendant officers opened the trunk of the plaintiff's vehicle and searched said trunk. At the time of said search, the defendant officers did not have a reasonable basis to conduct said search. During the search of the trunk, the defendant officers found a laminated plaque, upon which was inscribed the words "ConEdison Emergency Work Service Vehicle as Defined by NYC Traffic Reg. Sec. 4-01(b)(19)".

17.    Upon finding said plaque, the defendant officers asked the plaintiff what it was. The plaintiff responded that he worked for a company, namely "No Parking Today, Inc." that performed work on behalf of ConEdison, and that said plaque had been given to him by his company, for use in the course of his duties. The defendant officers conferred amongst themselves briefly, and then declared to the plaintiff, without any basis whatsoever, that said plaque was "fake".

18.    The plaintiff was then arrested, handcuffed, and transported to the 32nd precinct. Upon arrival at the 32nd precinct, the plaintiff was placed in a cell for approximately 15 minutes, whereupon he was instructed to exit said cell by the defendant officers, and taken into another room.

19.      Upon arrival at said room, the plaintiff was instructed by the
         defendant officers to remove all of his clothing, and squat. When the
         plaintiff complied, he was then instructed by the defendant officers to
         cough. Nothing illegal was found during this humiliating, illegal and
         unlawful strip search.

20.      The plaintiff was then compelled to return to the jail cell, and
         subsequently photographed and fingerprinted.

21.      At approximately 03:00 a.m. on May 28, 2010, the plaintiff was
         transported to another precinct located at 123rd Street at the
         intersection with 8th Avenue in Manhattan, where he remained until
         he was transported to "central booking", within the NYC Criminal
         Courthouse building located at 100 Center Street, New York, New
         York 10007. The plaintiff arrived at "central booking" at
         approximately 08:00 a.m. on May 28, 2010.

22.      At approximately 08:00 p.m. on May 29, 2010, the plaintiff was
         arraigned in front of a judge on the baseless charges of "Criminal
         Possession of a Forged Instrument in the Third Degree (P.L. 170.20).
         The plaintiff was released on his own recognizance. The New York
         County Criminal Court Docket number was ""2010NY039853"

23.      The plaintiff returned to court in defense of said charges on August
         24, 2010, at which time the charges against him were dismissed and
         sealed.

CAUSE(S) OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT UNDER
                    42 U.S.C § 1983/NEW YORK STATE LAW

24.      By this reference, the plaintiff incorporates each and every allegation
         and averment set forth in paragraphs 1 through 23 of this complaint
         as though fully set forth herein.

25.      The above-described respective arrest, detention and imprisonment of
         the plaintiff were without just or probable cause and without any
         warrant or legal process directing or authorizing the plaintiff's arrest
         or subsequent detention.

26.     As a result of the plaintiff's above-described false arrest and
        imprisonment, he has been caused to suffer humiliation, great mental
        and physical anguish, embarrassment and scorn among those who
        know him, was prevented from attending to his necessary affairs, and
        has been otherwise damaged in his character and reputation.

27.     Consequently, the plaintiff has been damaged and hereby demands
        compensatory and punitive damages in an amount to be proven at
        trial against each of the defendants, individually and severally.

28.     The defendant officers were at all material times acting within the
        scope of their employment, and as such, the defendant City is
        vicariously liable for the defendant officers acts as described above.

CAUSE OF ACTION: MALICIOUS PROSECUTION UNDER 42 U.S.C § 1983/NEW
YORK STATE LAW

29.     By this reference, plaintiff incorporates each and every allegation and
        averment set forth in paragraphs 1 through 28 of this complaint as
        though fully set forth herein.

30.     The commencement and continued prosecution of the criminal
        judicial proceeding against plaintiff, including the arrest, the
        imprisonment, and the charges against plaintiff were committed by or
        at the insistence of the defendants without probable cause or legal
        justification and with malice.

31.     That said defendants were directly involved in the initiation of
        criminal proceedings against the plaintiff.

32.     That said defendants lacked probable cause to initiate criminal
        proceedings against the plaintiff.

33.     That said defendants acted with malice in initiating criminal
        proceedings against the plaintiff.

34.     That said defendants were directly involved in the continuation of
        criminal proceedings against the plaintiff.

35.     That said defendants lacked probable cause in continuing criminal
        proceedings against the plaintiff.

36.     That said defendants acted with malice in continuing criminal
        proceedings against the plaintiff.

37.     That said defendants misrepresented and falsified evidence
        throughout all phases of the criminal proceeding.

38.     That said defendants misrepresented and falsified evidence to the
        prosecutors in the New York County District Attorney's office.

39.     That said defendants withheld exculpatory evidence from the
        prosecutors in the New York County District Attorney's office.

40.     That said defendants did not make a complete statement of facts to
        the prosecutors in the New York County District Attorney's office.

41.     The criminal judicial proceeding initiated against plaintiff was
        dismissed on March 24, 2010, and terminated in the plaintiff's favor.

42.     The arrest, imprisonment and prosecution of the plaintiff were
        malicious and unlawful because plaintiff had committed no crime and
        there was no probable cause to believe that plaintiff had committed
        any crimes.

43.     The defendants actions were intentional, unwarranted and in violation
        of the law. The individual defendants had full knowledge that the
        charges made before the Court against the plaintiff were false and
        untrue.

44.     As a consequence of the malicious prosecution by the defendants,
        plaintiff suffered a significant loss of liberty, humiliation, mental
        anguish, depression, loss of wages from work, and his constitutional
        rights were violated.

45.     Plaintiff hereby demands compensatory damages and punitive
        damages, in the amount of to be determined at trial, against each of
        the defendants, individually and severally.

                    CAUSE OF ACTION: UNLAWFUL SEARCH UNDER 42 U.S.C §
                                 1983/NEW YORK STATE LAW

46.     By this reference, the plaintiff incorporates each and every allegation
        and averment set forth in paragraphs 1 through 45 of this complaint
        as though fully set forth herein.

47.     Following the plaintiff's arrest, the defendants searched and/or strip
        searched the plaintiff, without any individualized reasonable
        suspicion that he was concealing weapons or contraband.

48.     As a result of the foregoing, the plaintiff was subjected to illegal and
        improper searches.

49.     The foregoing unlawful searches violated the plaintiff's constitutional
        right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth
        Amendments to the United States Constitution.

50.     As a consequence of said defendants' actions, the plaintiff suffered
        humiliation, mental anguish, depression, and his constitutional rights
        were violated. Plaintiff hereby demands compensatory damages and
        punitive damages, in the amount of to be determined at trial, against
        each of the defendants, individually and severally.

### CAUSE OF ACTION: FAILURE TO INTERVENE/INTERCEDE UNDER 42 U.S.C § 1983

51.     By this reference, the plaintiff incorporates each and every allegation
        and averment set forth in paragraphs 1 through 50 of this complaint
        as though fully set forth herein.

52.     Each and every individual defendant had an affirmative duty to
        intervene on the plaintiff's behalf to prevent the violation to his
        constitutional rights, as more fully set forth above.

53.     The individual defendants failed to intervene on the plaintiff's behalf
        to prevent the violation of his constitutional rights, despite having
        had a realistic and reasonable opportunity to do so.

54.     As a consequence of said defendants' actions, the plaintiff suffered
        loss of liberty, humiliation, mental anguish, depression, and the
        plaintiff's constitutional rights were violated. The plaintiff hereby
        demands compensatory damages and punitive damages, in the

amount of to be determined at trial, against each of the defendants, individually and severally.

CAUSE OF ACTION: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION OF EVIDENCE

55.     By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 54 of this complaint as though fully set forth herein.

56.     The individual defendants created false evidence against the plaintiff.

57.     The individual defendants forwarded false evidence and false information concerning the plaintiff to the prosecutors in the New York County District Attorney's office.

58.     The individual defendants provided false testimony throughout the criminal proceedings.

59.     By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, the defendants violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

60.     As a consequence of said defendants' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and the plaintiff's constitutional rights were violated. The plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

CAUSE OF ACTION: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

61.     By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 60 of this complaint as though fully set forth herein.

62.     The acts complained of were carried out by the individual defendants
        in their capacities as police officers and officials, with all the actual
        and/or apparent authority attendant thereto.

63.     The defendant officers acted under color of law, in their official
        capacity, and their acts were performed pursuant to the customs,
        policies, usages, practices, procedures and rules of the City of New
        York and its police department.

64.     The aforementioned customs, policies, usages, practices, procedures
        and rules of the City of New York and its police department include,
        but are not limited to the following unconstitutional practices:
        a. Wrongfully arresting individuals on the pretext that they are/were
        involved in illegal acts;
        b. manufacturing evidence against individuals allegedly involved in
        illegal acts; and
        c. arresting innocent persons in order to meet "productivity" goals
        (i.e. arrest quotas).

65.     The existence of the aforesaid unconstitutional customs and policies
        may be inferred from repeated occurrences of similar wrongful
        conduct, as documented in the numerous civil rights actions filed
        against the City of New York in the state and federal courts.

66.     The existence of the aforesaid unconstitutional customs and policies
        may also be inferred from the admission by Deputy Commissioner
        Paul J. Browne, as reported by the media on January 20, 2006, that
        commanders are permitted to set "productivity goals".

67.     Furthermore, the existence of the aforesaid unconstitutional customs
        and policies may also be inferred from the ruling (Docket entry 32) of
        the Court, in the case(s) of Jose Colon v. City of New York, et al (09-
        cv-8) and Maximo Colon v. City of New York, et al (09-cv-9),
        wherein the Court stated, *inter alia*, that "*Informal inquiry by the
        court and among the judges of this court, as well as knowledge of
        cases in other federal and state courts, has revealed anecdotal*

*evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

68.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiffs; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiffs as alleged herein, and deprived plaintiffs of the following rights, privileges and immunities secured to him/her by the Constitution of the United States:

(a)    The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b )    The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c)    The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained and subsequently prosecuted.

69.    As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned said plaintiff thereby depriving said plaintiff of his liberty without due process of law.

70.     The defendant officers were the actual agents of the defendant City of
        New York and were following the customs, practices, ordinances
        and/or regulations of the City of New York when they violated said
        plaintiffs constitutional and civil rights, and the City of New York is
        therefore responsible for their acts, and liable to the plaintiff for the
        damages he suffered.

71.     The actual principal/agent relationship between the City and the
        defendant officers was created by the fact they were employees of
        defendant City, and the City had the right to, and it did indeed
        regulate and control the activities and conduct of the defendant
        officers.

72.     The defendants' actions were vicious, wicked, cold-hearted,
        intentional, malicious, unwarranted and in violation of the law. The
        individual defendants had full knowledge that the charges made
        before the Court against the plaintiffs were false and untrue.

WHEREFORE, the plaintiff respectfully prays for judgment as follows:

1.      For compensatory damages against each and all defendants in an amount to be
        proven at trial;

2.      For exemplary and punitive damages against each and all defendants in an
        amount to be proven at trial;

3.      For costs of suit herein, including the plaintiff's reasonable attorney's fees;
        and;

4.      For such other and further relief as the court deems proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, the plaintiff demands
a trial by jury.

Dated: Brooklyn, New York
       February 7, 2011

                                    LAW OFFICES OF WALE MOSAKU, P.C.

                                    By:

                                    Wale Mosaku

Attorney(s) for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK:

JAMES SILENCIEUX,

Plaintiff(s),

        -against-

THE CITY OF NEW YORK, POLICE
OFFICER AARON THORN (Shield # 17386)
and POLICE OFFICERS JOHN DOE 1-2,

Defendant(s).

COMPLAINT

LAW OFFICES OF WALE MOSAKU, P.C.
Attorney(s) for Plaintiff(s)
25 Bond Street, 3rd Floor
Brooklyn, New York 11201
(718) 243-0994

To:                                    Service of a copy of the within
                                       is hereby admitted.

                                       Dated:................ 201_

Attorney(s) for Defendants